UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY OLIVE,
   Plaintiff,

vs.                                 No. 06-1028

ROGER WALKER , et al.,
   Defendants.

### ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference.

The plaintiff, Anthony Olive, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Illinois River Correctional Center. The plaintiff has named eight defendants including Illinois Department of Corrections Directors Roger Walker, Deputy Director Barbara Hurt, Administrative Review Board Chairperson Jackie Miller, Warden Richard Birkey, Lieutenant Bruce Fisher, Adjustment Committee Member Anita Slaughter, Sergeant Yurkovich and Officer Welch. The plaintiff says he is suing Defendant Walker in his individual and official capacities. All other defendants are sued in their individual capacities only.

The plaintiff says that he wrote several anonymous notes to Internal Affairs officers complaining about the misconduct of a female officer. The notes alleged potential sexual conduct with an inmate. The plaintiff says he was called to Internal Affairs and asked to give a handwriting sample. When he was asked about the notes, he denied writing them for fear of retaliation.

The plaintiff says he was called before Internal Affairs a second time. The plaintiff says Officers Yurkovich and Welch promised that he would not be punished, so he admitted writing the notes. Plaintiff says a campaign of retaliation began after this admission.

The plaintiff says Defendant Yurkovich wrote a disciplinary report based on the notes reporting officer misconduct. Defendant Welch agreed to be a witness against the plaintiff. At first the ticket said it was for "Dangerous Communication," but it was later changed to "Giving False Information to an Employee." The plaintiff says he was found guilty and lost three months

1

of good time credits.

In addition, the plaintiff says he was written a second false disciplinary report claiming he had contraband and excess property. Defendants Fisher and Slaughter were involved with this ticket. The plaintiff was also found guilty of this offense, but did not lose good time credits. The plaintiff also states the retaliation lead to a transfer from Illinois River Correctional Center.

The plaintiff says he wrote letters and complained about the retaliatory actions, but Defendants Walker, Hurt, Miller, Fisher, Slaughter and Birkey refused to take any action.

The court reviewed the plaintiff's intended claims with him during the merit review hearing. It is clear the plaintiff has stated a retaliation claim in violation of his First Amendment rights based on the actions of the defendants after the plaintiff admitted writing the notes. This claim is against all named defendants.

The plaintiff also claims that Defendants Fisher and Slaughter violated his due process rights during the hearings on the disciplinary tickets. The plaintiff seems to allege that he did not have a proper hearing on the first ticket concerning the notes when the official charge was changed. He also alleges that he was not allowed an impartial decision maker in either hearing. The plaintiff also says the decision concerning his property was not based on the evidence and Defendant Miller did not consider any of the evidence in the Administrative Review Board hearing because she was unable to read documents submitted by the plaintiff. The plaintiff says he complained about the due process violations to Defendants Walker, Birkey and Hurt but no action taken.

These are the only violations of the plaintiff's constitutional rights stated in his complaint or during the merit review hearing. The court notes that the plaintiff makes several references to the defendants failure to conduct a proper investigation into the charges against him. The minimum requirements of due process in a prison disciplinary proceeding do not require prison officials to investigate disciplinary charges prior to a hearing. *See* Wolff v. McDonnell, 418 U.S. 529, 94 S.Ct. 963 (1974); Woodall v. Partilla, 581 F.Supp. 1066, 1074 (N.D 1984) .

The court also finds that the plaintiff has failed to allege any official capacity claims against Defendant Walker.. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has adequately alleged for notice pleading purposes that:**
  **a)The defendants violated his First Amendment rights when they retaliated against him for writing several notes to Internal Affairs alleging misconduct**

   **of a staff member.**
   **b) Defendants Fisher, Slaughter, Miller, Walker, Birkey and Hurt violated the plaintiff's due process rights during disciplinary hearings concerning the notes written by the plaintiff and his property.**
**Both claims are against the defendants in their individual capacities only.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The necessary deficiency orders are directed to be entered, if any. This case is referred to the Magistrate Judge for consideration of the motion to proceed in forma pauperis.**

**5) After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 23rd day of February, 2005.


         s\Harold A. Baker
        _____
          HAROLD A. BAKER
        UNITED STATES DISTRICT JUDGE