UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY OLIVE,
   Plaintiff,

vs.                                                No. 06-1028

ROGER WALKER , et al.,
   Defendants.

## CASE MANAGEMENT ORDER #1

This cause is before the court for case management and consideration of the plaintiff's motion to compel discovery [d/e 54] and the defendants' motion to strike the plaintiff's reply to their response to the motion to compel discovery [d/e 63].

### BACKGROUND

The plaintiff, Anthony Olive, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Illinois River Correctional Center. The plaintiff has named eight defendants including Illinois Department of Corrections Directors Roger Walker, Deputy Director Barbara Hurt, Administrative Review Board Chairperson Jackie Miller, Warden Richard Birkey, Lieutenant Bruce Fisher, Adjustment Committee Member Anita Slaughter, Sergeant Yurkovich and Officer Welch. On February 24, 2006, the court conducted a merit review of the plaintiff's complaint and found that he had alleged the following claims: a) the defendants violated his First Amendment rights when they retaliated against him for writing several notes to Internal Affairs alleging misconduct of a staff member; and b) Defendants Fisher, Slaughter, Miller, Walker, Birkey and Hurt violated the plaintiff's due process rights during disciplinary hearings concerning the notes written by the plaintiff and his property. Both claims are against the defendants in their individual capacities only.

### MOTION TO COMPEL

The plaintiff has filed a motion to compel discovery [d/e 54]**.** Unfortunately, the defendants claim the plaintiff filed his motion before they had a chance to respond to some of the plaintiff's concerns. Therefore, each side has filed additional responses updating what information has been provided. [d/e 56, 58, 62, 63]. The court has denied the plaintiff's motion to amend his motion to compel. [d/e 62]. The court has not yet ruled on the original motion to amend. Nonetheless, the court will consider the issues raised in the pro se plaintiff's motion to amend.[d/e 58] The court also notes the plaintiff has propounded 104 discovery requests and objects to most responses provided by the defendants. The court has gone through the specific

interrogatories for the first two defendants mentioned. However, much of the remaining requests are repetitive. Therefore, the court will not repeat specific responses for each defendant, but will instead respond to requests that are unique to those defendants.

A. INTERROGATORIES.

INTERROGATORIES TO DEFENDANT ROGER WALKER

#1) Identify all I.D.O.C. officials responsible for receiving, reading and responding to mail addressed directly to you and under what circumstances they are to notify you of the contents encompassed within this mail. The plaintiff also asks for the names of all employees responsible for signing the defendant's name. DEFENDANT- The defendant has now provided a response as to how mail is generally handled and has provided the specific name of the employee who handled the plaintiff's mail. This is an adequate answer to the question propounded by the plaintiff. Who signed the defendant's name to documents not pertaining to the plaintiff are not relevant.

#2) Identify all I.D.O.C. officials responsible for signing your name on any type of work document and under what circumstances do you personally sign your name. DEFENDANT- The defendants state that the inquiry is irrelevant to the allegations in the complaint. The court also believe the request is over broad. The plaintiff is not entitled to information concerning documents or work that has nothing to do with his claims. The defendants have provided information relevant to the documents in the plaintiff's complaint. This is an adequate response.

#3) Identify all positions and titles, with corresponding dates of employment, that you have held as employee at the Illinois Department of Corrections (herein IDOC). Describe your responsibilities for each position. DEFENDANT- The defendant states his only job with IDOC has been as director and points the plaintiff to the Unified Code of Corrections for his job duties. This is an adequate response.

#5) Describe in as much detail as possible your position on First Amendment and Fourteenth Amendment rights encompassed in plaintiff's complaint. DEFENDANT- The defendant says he believes these rights should be protected for inmates to the fullest extent possible. This is not the type of question that serves much purpose in an interrogatory and the court finds that the answer is adequate.

#6) Identify each document that logs all incoming/outgoing legal/ privilege mail that plaintiff sent out and/or received since April 28, 2005, including but not limited to I.D.O.C's inmate legal/privilege mail form from Illinois River, Western Illinois and Big Muddy Correctional Centers. DEFENDANT- The defendant has provided the plaintiff's mail log in response to the request for documents. The plaintiff's claim only involves the Illinois River facility so he is not entitled to logs from other institutions.  Lastly, Defendant Walker is not personally familiar with

2

the requested mail logs. The answer is adequate.

#7) Please identify each document received or sent by you or your office to/from each or any person involved in this complaint and describe in as much detail as possible from monitoring compliance of "Exhibit L and O" in plaintiff's complaint or any other order issued by relevant to plaintiff's complaint." Exhibit L is a letter from Defendant Walker to the plaintiff and Exhibit O is a final denial of the plaintiff's grievance. The court finds this interrogatory to be confused, vague, over broad and irrelevant.

#10) Describe in as much detail as possible the complete circumstances surrounding all other retaliatory and due process claims that were brought against you while working at the Illinois Department of Corrections. Include in your response the circumstances surrounding any review or disciplinary action that occurred after each such claim of retaliation. The court finds this interrogatory is over broad and irrelevant to the issues in the plaintiff's complaint. Interrogatory No. 11 also asks for any document that evidences or mentions retaliatory acts by *any* IDOC staff. The plaintiff is only entitled to documents that concern his claims. This interrogatory is also over broad and irrelevant. It would also be impossible for the defendants to respond to this request. The plaintiff's request would include *any* grievance filed by *any* inmate who mentions retaliation and includes the Director of the Department of Corrections in his claims.

INTERROGATORIES TO BARBARA HUNT

INTERROGATORY #2 and #3: The plaintiff repeats his same request for all officials responsible for receiving, reading or responding to mail and for any official responsible for signing this defendant's name. DEFENDANT- The defendant provides the name of her secretary who opens all mail and forwards all inmate correspondence to the warden's office. The defendants have agreed to provide the name of any individual who specifically signed Hunt's name to one of the plaintiff's documents, but otherwise say the interrogatory seeks irrelevant information. The court finds the response is adequate.

INTERROGATORY #4: Describe in as much detail as possible the complete circumstances of receiving letters from the plaintiff from May 1, 2005 to the present. DEFENDANT- The defendant provided copies of any letters received by the plaintiff. The defendant states that "complete circumstances of receiving" is vague. The court agrees and finds that the defendant has already provided the name of the person who opens this defendant's mail and the routine that is followed.

INTERROGATORY #5- Identify each document received or sent by you or your office to/from each person involved in this complaint and describe in as much detail as possible the complete circumstances of your reaching a decisions/conclusion on exhibits M and N. The court notes that Exhibit M and N are letter from the defendant to the plaintiff concerning his claims. DEFENDANT- The defendant responds that the reasons for her decisions are outlined in the exhibits as well as in specific documents referenced by Bates Number in the defendant's response.

The remainder of the request is not limited to the issues in this case. The court finds the response is adequate.

INTERROGATORY #6-Identify in as much detail as possible and with whom did you speak with in concern to your investigating the circumstances of plaintiff's letters sent to you. DEFENDANT- The defendant says she verbally spoke with Assistant Warden Birkey and Assistant Warden Bohler after these individuals had consulted with the Internal Affairs Department. The court finds the answer is adequate particularly given the documents already provided to the plaintiff.

INTERROGATORY #7- Identify each document or person known to you who has provided any information or assistance of whatever nature or description relating to Exhibits M and N. *See* Interrogatory #5 above. DEFENDANT- The defendant names the two assistant wardens she spoke with and says there are no documents to report in response to this interrogatory. The court finds the response is adequate.

INTERROGATORY #9- State the name, affiliation and title of each person who has knowledge of any facts stated in your interrogatory responses. DEFENDANT- The plaintiff again lists the names of the two assistant wardens that she spoke to but says she does not know the names of the Internal Affairs Officers at Illinois River Correctional Facility who were involved in the investigation. The court finds that this is an adequate response.

INTERROGATORY #10 Describe in as much detail as possible the complete circumstances surrounding all other retaliatory and due process claims that were brought against you while working at the Illinois Department of Corrections. Include in your response the circumstances surrounding the review or disciplinary action that occurred afer each such claim of retaliation. The court finds this interrogatory on its face is over broad and irrelevant to the claims in the plaintiff's complaint. The plaintiff is only entitled to information that is relevant to his particular claims of retaliation. Information concerning other inmates general complaints of retaliation are not relevant or helpful to his case.

INTERROGATORY #11 Identify each person known to you and not otherwise identified in you answers to these interrogatories who has provided any information or assistance of whatever nature or description relating to any of your answers to these interrogatories. DEFENDANT- The defendant says the Warden and Assistant Wardens review the correspondence files and submit responses to Executive Secretary Sarah Noble who prints the responses for the Deputy Director's signature. The defendant has agreed to provide the names of the Warden and Assistant Warden(s) involved in the plaintiff's case. The response is adequate.

INTERROGATORY #12 Identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the claims made in plaintiff's complaint and state the information provided. DEFENDANT- The defendant says she identified the individuals in response to previous interrogatories. The defendant again says Assistant

Warden's Birkey and Bohler consulted with Internal Affairs and then talked to the defendant. Defendant Birkey provided the defendant with a draft response which she reviewed based on their previous conversations. The letters were provided in response to the request to produce and the defendant provides Bates Numbers. The court finds the answer is adequate.

INTERROGATORIES FOR DEFENDANT JACKIE MILLER

The plaintiff again propounds interrogatories that are not limited to the claims in his complaint. The plaintiff asks this defendant for great detail on all Administrative Review Board policies, procedures and practices as well as all officials responsible for those policies, procedures and practices. (Interr. # 3, 4). The plaintiff also asks for all "listed protocol of I.D.O.C. employee's responsibilities and rules of conduct." (Interr. # 12). The questions are over broad. In addition, the defendants have properly responded to interrogatories asking for rules and regulations by citing to the appropriate Administrative Code section. (Interr. # 6). Finally, some interrogatories are again not limited to the claims in the plaintiff's complaint and the defendants have appropriately objected. (Inter. #9, 13)

The plaintiff does ask this defendant to provide information concerning her involvement in the August 5, 2005 Administrative Review Board hearing up to its conclusion on November 17, 2005. (Inter. #5) Defendant Miller states she was assigned to the case by her supervisor and a hearing was held on August 5, 2005 with the plaintiff. On August 29, 2005, the defendant issued a remand to Illinois River Correctional Center to re-draft the charges upon the instruction of her supervisor, Teri Anderson. Miller says she reviewed grievances, disciplinary reports, the adjustment committee summary report, the plaintiff's testimony and the time frame of the hearing on the rewritten disciplinary report. She came to the conclusion that the report should be expunged. The court finds the answer is adequate.

The defendant has appropriately responded to requests for documentation by pointing to specific Bates Numbers (Inter. #7). The court also finds the defendant's response to the plaintiff's questions concerning the defendant's position on constitutional rights (Inter. # 10) and who provided information to the defendant (Inter. #15) were appropriate.

INTERROGATORIES FOR DEFENDANT BRUCE FISHER

Some of the plaintiff's interrogatories are very similar or repeat questions asked of previous defendants. (Inter. # 3,4,11,13). Again, the court finds the defendant's response to each interrogatory is appropriate.

The plaintiff also asks this defendant for specific information about who he consulted with or talked to in Interrogatories # 5, 8, 9 an 16. In each response, the defendant has identified specific individuals and has provided an adequate response to the inquiry.

5

INTERROGATORIES FOR DEFENDANT ANITA SLAUGHTER

The court has already addressed interrogatories similar to #3,4 and 11 and finds the defendant has appropriately responded. In addition, when the plaintiff has asked for specific names or documents, the defendant has provided an adequate response. (Inter. # 5, 6, 9, 13, 16) For example, when the plaintiff asks for details surrounding the defendant's role in two Adjustment Committee Hearings, as part of the defendant's response she has stated that the "basis of her decision is found in the Adjustment Committee Final Summary Report for that hearing." (Inter. #5 Response). The defendant is now limited to the reasons stated in this report. If the defendant attempts to state another reason for her decision, the plaintiff can either impeach her based on this response or ask to have the answer stricken.

INTERROGATORIES FOR DEFENDANT JOSEPH YURKOVICH

For reasons previously stated, the court finds that the defendant's response to Interrogatories # 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13 are adequate. The plaintiff often asks for information pertaining to cases other than his own or asks questions that are over broad or irrelevant. In addition, the defendant has responded with specific names and documents when appropriate and available.

In Interrogatory # 6, the plaintiff asks for the defendant to describe in as much detail as possible the complete circumstances surrounding his interviews with the plaintiff since April 28, 2005. The defendant has responded that Internal Affairs received six anonymous notes alleging misconduct and potential threat against Correctional Officer McGrew. Internal Affairs compared handwriting samples to the plaintiff and informally interviewed Officer McGrew. The defendant then believed the plaintiff was most likely the individual who wrote the notes.

While this response is not particularly informative, the defendant points out that "complete circumstances" is vague. The defendant has indicated what lead to the interviews with the plaintiff. The court believes this response is adequate.

INTERROGATORIES FOR DEFENDANT ERIC WELCH

All interrogatories presented to this defendant are very similar or a repeat of previous questions. The court finds that the defendants have adequately responded to each interrogatory.

INTERROGATORIES FOR DEFENDANT RICHARD BIRKEY

The defendants object that the plaintiff did not seek clarification of any of Defendant Birkey's interrogatory responses prior to filing his motion to compel as required by Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure. In addition, the court finds the initial

responses of these defendant are adequate.

B. REQUESTS FOR PRODUCTION OF DOCUMENTS.

The defendants again point out that the plaintiff did not attempt to clarify responses to the request for production of documents before filing this motion to compel. Nonetheless, many of the plaintiff's requests are clearly over broad and not related to the specific claims in his complaint. (Req. # 1, 4, 8, 13, 14, 15, 20). Again, the plaintiff cannot ask for all rules regarding all conduct within the Illinois Department of Corrections and cannot ask for information concerning other complaints against the named defendants. When the plaintiff asked for documents relating to his claims, the defendants did object, but still provided documents and cited to specific Bates Numbers that were responsive. (# 2, 5, 6, 7, 10, 16, 19).

On two occasions, the plaintiff asks for information that he claims is relevant to his case, but the defendants object that the information is privileged. In Interrogatory #5, the plaintiff asks for all documents that "evidence, mention, construe or refer to interviews surrounding the investigation of plaintiff and Correctional Officer McGrew while at Illinois River Correctional Center mentioned in this complaint." (Plain. Int. #5). In Interrogatory #6, the plaintiff asks for all documents that "evidence, mention, construe or refer to interviews surrounding the investigation of plaintiff and Correctional Officer McGrew that were given to Defendants Bruce Fisher and Anita Slaughter" for the May 5, 2005 Adjustment Committee hearing. In response to each interrogatory, the defendants state that the information could compromise safety and security of inmates and staff and is subject to the law enforcement investigatory privilege. The defendants then state that without waving this objection they cite to specific Bates Numbers that are responsive to the plaintiff's inquiry.

The defendants say Illinois recognizes a limited privilege for law enforcement investigatory information. *In re Marriage of Daniels,* 240 Ill. App. 3d 314 (1992). The rationale behind the privilege is to

> "preserve the integrity of law enforcement techniques and confidential sources, to protect witnesses and law enforcement personnel, to safeguard privacy of individuals under investigation and to prevent interference with the investigation. Law enforcement operations have little hope of being effective if conducted in full public view." *Id.* at 330 *quoting Raphael v Atena Casualty & Surety Co*, 744 F. Supp. 71, 74 (S.D.N.Y. 1990).

The defendants argue that release of this information would disclose law enforcement techniques of the Internal Affairs Division and damage future investigations. While the defendants cite to Illinois case law, they provide no support for their claim that documents from a closed internal affairs investigation in a §1983 claim are privileged.

7

The more important question is: are the documents relevant to the plaintiff's claims? The plaintiff admits that he wrote several anonymous notes to Internal Affairs officers complaining about the misconduct of a female officer. When he was questioned by Internal Affairs, he denied his involvement. However, when Officers Yurkovich and Welch promised that he would not be punished, he admitted writing the notes. The plaintiff alleges that the campaign of retaliation began after this admission. He says the officers wrote a disciplinary ticket against him for the notes, wrote a second ticket claiming he had contraband and excess property in his cell and transferred him to another institution.

The documents requested could potentially be relevant to the plaintiff's claims. Therefore, the defendants will be required to file any documents *in camera* pertaining to the Internal Affairs investigation of the plaintiff and documents specifically given to the disciplinary committee. The court will review the documents and determine whether any are relevant to the plaintiff's claims in this case. It will not release the relevant documents until it notifies the parties of which documents are deemed relevant and the opportunity for further objection is given.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion to strike the plaintiff's reply to their response to the motion to compel discovery is denied.[d/e 63].**

**2) The plaintiff's motion to compel discovery is denied in part and granted in part. [d/e 54] The defendants are to file any documents in camera pertaining to the internal affairs investigation of the notes written by the plaintiff and identify any of these documents which were given to the adjustment committee. The defendants must file these documents on or before March 20, 2008.**

**3) Due to the court's ruling on the motion to compel, the defendant's motion is denied with leave to renew after a decision on the remaining discovery documents. [d/e 68]. If any documents are relevant and are provided to the plaintiff, additional briefing time will be allowed.**

**4) The defendants' motion to strike the plaintiff's reply to the defendant's reply to the plaintiff's response to the summary judgement motion is granted. [d/e 79] The court will not consider the summary judgement motion or the responses filed by the parties at this time. Nonetheless, the plaintiff is advised that he must follow the Local Rules concerning his pleadings.** *See* **Local Rule 7.1.(D)(6).**

**5) The defendants' motion for leave to file instanter their reply to the plaintiff's response to the motion for summary judgement is granted. [d/e 81]. There was a mistake in the initial e-filing of the document. The clerk is directed to file the**

**attached reply. However, the court will not consider the dispositive motion or the responses until after all discovery matters are closed. The defendant may renew their motion for summary judgement at that time.**

Entered this 3rd day of March, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
