UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY OLIVE,
   Plaintiff,

vs.                                       No. 06-1028

ROGER WALKER , et al.,
   Defendants.

CASE MANAGEMENT ORDER #3

     This cause is before the court for case management and consideration of pending motions including the plaintiff's motion to continue [d/e 73], the defendants' motion to strike the plaintiff's motion to continue [d/e 74] and the plaintiff's motion to clarify his motion to continue. [d/e 76]. The court will consider the pro se plaintiff's motions. Therefore, the defendants' motion to strike is denied. [d/e 74]. However, the court will consider the arguments raised by the defendants in their motion to strike.

     The plaintiff, Anthony Olive, filed his complaint pursuant to 42 U.S.C. §1983 against eight defendants claiming that they violated his constitutional rights at the Illinois River Correctional Center. The plaintiff has the following claims: a) the defendants violated his First Amendment rights when they retaliated against him for writing several notes to Internal Affairs alleging misconduct of a staff member; and b) some of the named defendants violated the plaintiff's due process rights during disciplinary hearings concerning the notes written by the plaintiff and his property. *See* February 24, 2006 Merit Review Order.

     The plaintiff has filed a two motions asking the court for additional time to exhaust his administrative remedies. [d/e 73, 76]. The plaintiff says he needs time to exhaust new claims against an Officer at Big Muddy Correctional Center so he can then file a motion to amend his complaint.

     The plaintiff says Officer Robin Cherim has continued the campaign of retaliation that began at Illinois River Correctional Center. The plaintiff says on June 29, 2006, the officer accused him of being a snitch in front of other inmates and put him in danger. The plaintiff says he filed a grievance as a result and has attached a copy of the grievance to his complaint.

     The July 5, 2006 grievance states that Officer Cherim told the plaintiff that she did not like him and she knew why he was transferred to Big Muddy. In response to the grievance, the officer admitted that she told the plaintiff she knew why he was at the correctional center and that she did not trust being around him because he writes up staff.

The plaintiff says he has not received a final response to this grievance and has waited over nine months.  Based on the facts before the court, the motions to continue are denied. [d/e 73, 76].  A plaintiff has exhausted all available remedies if it becomes apparent that prison officials have refused to respond to a grievance *See Lewis v Washington,* 300 F.3d 829, 833 (7th Cir. 2002).  However, the plaintiff is also advised that prisoners must follow the administrative rules.  *Pozo v. McCaughtry,* 288 F.3d 1022, 1025 (7th Cir. 2002).  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by §1997e(a) from litigating." *Id.*

The court also notes that while the issue of whether the plaintiff may amend his complaint is not before the court, the plaintiff has not stated sufficient facts in his motion to warrant allowing an amendment.  This case is at the dispositive motion stage.  The plaintiff apparently plans to ask the court to add an additional count based on incidents that occurred at a different correctional facility one year later.  In addition, it's doubtful the facts as alleged by the plaintiff rise to the level of a constitutional violation.

**IT IS THEREFORE ORDERED that:**

**1) The defendants' motion to strike the plaintiff's motion to continue is denied.[d/e 74]**

**2) The plaintiff's motions to continue are denied. [d/e 73, 76]**

Entered this 4th day of March, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE